IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGELA BUTLER, as mother and next friend of )
James Martin Williams, a minor, )
                                                                  )
               Plaintiff, )
                                                               )
    v. )
                                                             ) No.
BOARD OF EDUCATION OF FOREST PARK )
SCHOOL DISTRICT 91, individually and by and )
through its agents, servants or employees at Field )
Stevenson School, FIELD STEVENSON SCHOOL, )
individually and by and through its agents, servants )
or employees, and KIMBERLY J. BEHRENS, )
individually and as agent, servant or employee of )
Field Stevenson School, )
                                                              )
               Defendants. )

## COMPLAINT AT LAW

NOW COMES Plaintiff, ANGELA BUTLER, as mother and next friend of James Martin Williams, a minor, by and through her attorney, James A. Karamanis of Barney & Karamanis, LLP, and complaining of the Defendants, FIELD STEVENSON SCHOOL, individually and by and through its agents, servants or employees, the BOARD OF EDUCATION OF FOREST PARK SCHOOL DISTRICT 91, individually and by and through its agents, servants or employees at Field Stevenson School, and KIMBERLY J. BEHRENS, individually and as agent, servant or employee of Field Stevenson School, as agent of the Board of Education of Forest Park School District 91, and each of them, states as follows:

### JURISDICTION

The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. c 1983; the Judicial Code, 28 U.S.C. c 1331 and 1343 (a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. c 1367(a).

## PARTIES

1. On or about March 21, 2012, and at all times relevant herein, Plaintiff, Angela Butler, as Mother and Next Friend of James Martin Williams resided in the Village of Forest Park, County of Cook, State of Illinois.

2. On or about March 21, 2012, and at all times relevant herein, Plaintiff, James Martin Williams (hereinafter referred to as "Williams"), was a minor child, age 8, residing in the Village of Forest Park, County of Cook, Illinois.

3. On or about March 21, 2012, and at all times relevant herein, Defendant, Board Of Education of Forest Park School District 91 (hereinafter "District 91"), was and is now duly organized and existing under and by virtue of the laws of the State of Illinois, with its principal offices located in the City of Forest Park, County of Cook, and State of Illinois.

4. On or about March 21, 2012, and at all times relevant herein, Defendant, District 91 owned or otherwise operated, managed, and maintained an elementary school known as Field Stevenson Elementary (hereinafter "Field Stevenson"), which is located at 925 Beloit Avenue, Forest Park, Illinois, in the City of Forest Park, County of Cook, and State of Illinois.

5. On or about March 21, 2012, the date Williams alleges said employee committed the misconduct complained of, and at all times relevant herein, Defendant, Kimberly Behrens (hereinafter "Behrens") was employed as a teacher by District 91 and Field Stevenson.

## FACTS COMMON TO ALL COUNTS

6. On or about March 21, 2012, and at all times relevant herein, Defendant, District 91, individually, and through its agents, servants or employees, acting within the course of their employment by District 91 at Field Stevenson, owned, operated, controlled or otherwise maintained the public school commonly known as Field Stevenson School.

7. On or about March 21, 2012, and at all times relevant herein, District 91 was a duly incorporated municipal corporation and is the employer of Behrens.

8. On or about March 21, 2012, the date Williams alleges said employee committed the misconduct complained of herein, Kimberly J. Behrens (hereinafter referred to as "Behrens") was employed by the Board Of Education of Forest Park School District 91 as a Special Education Teacher at the School.

9. At all times material and relevant to this Complaint, Behrens was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of District 91.

10. At all times material and relevant, Williams was a registered student at the School and received specialized instruction according to an Individualized Education Program ("IEP") effective October 1, 2011 through September 30, 2012.

11. Williams suffers from autism and speech/language impairment.

12. District 91 and the School drafted the IEP out of an awareness of Williams' disability, and named Behrens as Williams' Case Manager.

13. Williams has no documented history of behavioral problems.

## COUNT I

### Negligence

### Board of Education of Forest Park School District 91

1-13. Plaintiff repeats and realleges Paragraphs 1 through 13 of this Complaint as and for Paragraphs 1 through 13 of this Count I as if fully set forth herein.

14. On or about March 21, 2012, and at all times relevant herein, District 91 was entrusted with the care and safety of the children attending Field Stevenson School, including Williams.

15. On or about March 21, 2012, and at all times relevant herein, District 91 owed the duty of exercising due care and caution in selecting, hiring, and supervising its staff, including Behrens, the teacher who was in charge of the classroom in which Williams was placed.

16. On or about March 21, 2012, and at all times relevant herein, it was the duty of District 91 to provide security and/or teacher supervision at Field Stevenson during school hours so as to maintain proper conduct, and so as to avoid injury to students and other persons lawfully at the school, including, but not limited to, Williams.

17. On or about March 21, 2012, and at all times relevant herein, Williams was registered as a student at Field Stevenson, and was otherwise legally and properly on the premises at the time of the incident at issue in this lawsuit.

18. On or about March 21, 2012, and immediately prior thereto, Williams was lawfully in the classroom at Field Stevenson and under the control of Behrens.

19. On or about March 21, 2012, and at all times relevant herein, Williams was in the exercise of due care and caution for his own safety, and the safety of others.

20. On or about March 21, 2012, and at all times relevant herein, Williams was in the classroom under the care, supervision and control of Behrens.

21. On or about March 21, 2012, and at all times relevant herein, Behrens slapped Williams, causing him to become injured.

22. At no time on March 21, 2012, or at any time relevant herein, was it necessary for Behrens to strike Williams.

23. Despite the injury to Williams, and Williams' resulting medical needs, Williams was neither given nor offered medical treatment by District 91, nor was Williams allowed to telephone his mother to inform her of the situation.

24. Defendant District 91, willfully and with utter disregard for the rights and safety of Williams, injured Williams. Said conduct was performed deliberately; with oppression; with such gross negligence so as to indicate a wanton disregard for the rights of Williams, and with evil motive and reckless indifference to the rights of Williams to be free from bodily injury and psychological injury.

25. Defendant District 91, by its agent, servant and employee, including Defendant, Kimberly Behrens, used excessive force against Williams.

26. The failure of agents or employees of District 91 to intervene in the use of said force caused an excessive amount of force to be inflicted onto the body of Williams, causing him to sustain various injuries.

27. On March 21, 2012, and at all times relevant herein, Defendant District 91 had a duty to Williams to keep him safe, protected and free from mental and/or emotional harm while in the care of Behrens at Field Stevenson.

28. Despite such duty, District 91 breached its duty to Williams, and was guilty of one or more or all of the following negligent acts and omissions:

   a. Carelessly and negligently failed to properly screen prospective teacher applicants;
   b. Carelessly and negligently failed to properly hire and train teachers;
   c. Carelessly and negligently failed to properly supervise the classrooms at Field Stevenson;
   d. Carelessly and negligently failed to keep a proper lookout to determine whether teachers were maintaining control of their classrooms;
   e. Carelessly and negligently failed to keep students safe from harm while in the classroom at Field Stevenson;
   f. Carelessly and negligently permitted and allowed Behrens to teach a classroom of children in a completely unsupervised manner, when it knew or should have known that she was volatile and did not maintain control of her students;
   g. Carelessly and negligently failed to observe the teachers within their classroom on a regular, ongoing basis, to determine whether there were any problems;

    h.    Carelessly and negligently failed to notice that Plaintiff Williams was injured by Behrens, and failed to provide him with the emotional and physical support he required;

    i.    Carelessly and negligently allowed Behrens to attempt to conceal her transgression, and in so doing allowed Plaintiff Williams to continue to suffer from her treatment without adequate adult support;

    j.    Carelessly and negligently failed to offer Plaintiff Williams any medical treatment or care;

    k.    Carelessly and negligently failed to allow Plaintiff Williams to contact his mother to advise her of his injury;

    l.    Carelessly and negligently aided Behrens in concealing her transgression;

    m.    Was otherwise careless and negligent.

29.    As a direct and proximate result of one or more of the aforesaid acts and omissions of District 91, Williams sustained serious and permanent injuries, causing pain, suffering, mental anguish and pecuniary loss both now and in the future.

30.    As a result of the negligence of District 91, Williams, a minor, sustained severe and permanent injuries, both externally and internally. Plaintiff, Angela Butler, mother and next friend of Williams, will be hindered and prevented from attending to her usual duties and affairs; and she has lost and will in the future lose large sums of money that would otherwise have accrued to her; and she has spent and will spend and become liable for large sums of money, for hospital, medical and surgical services, nursing care and attention during her son's recovery.

WHEREFORE, Plaintiff, Angela Butler, as mother and next friend of James Martin Williams, a minor, prays that this Honorable Court enter judgment in her favor and against Defendant, Board of Education of Forest Park School District 91, individually and by and through its agents, servants and employees, in an amount in excess of $50,000, and for whatever further and additional relief for Plaintiff this Court deems just and fair.

## COUNT II
### Excessive Force
### Kimberly Behrens

1-30. Plaintiff repeats and realleges Paragraphs 1 through 30 of Count I as and for Paragraphs 1 through 30 of this Count II as if fully set forth herein.

31. On March 21, 2012, Williams was in a class supervised by Behrens, when Behrens slapped Williams on the right cheek, causing him to be injured. After slapping him, Behrens told Williams she was sorry, gave him an ice pack to put on his face, and instructed Williams to lie and tell others that he had fallen and to deny that she had slapped him.

32. As a direct and proximate result of Behrens' act, Williams sustained bruises and contusions, swelling of his face and a semi-black eye, causing pain, suffering, mental anguish, and pecuniary loss.

33. The use of excessive force initiated and utilized by Behrens, individually and as agent, servant and employee of Field Stevenson and District 91, resulted in a semi-blackened eye, contusion and swelling of Williams' face.

34. At no time on March 21, 2012, was it necessary for Behrens to strike Williams.

35. Despite the injury to Williams' face, and Williams' resulting medical needs, Williams was neither given medical treatment by Behrens, nor allowed to phone his mother to inform her of the situation.

36. The use of force initiated and utilized by Behrens was excessive, unreasonable, unnecessary and willful, and recklessly disregarded the rights of Williams.

37. The use of force initiated and utilized by Behrens was excessive, unreasonable, and unnecessary in order to accomplish any task undertaken by Behrens.

38. Behrens willfully, and with utter disregard for the rights and safety of Williams, injured the Plaintiff, James Martin Williams. Said conduct was performed deliberately; with oppression; with such gross negligence so as to indicate a wanton disregard for the rights of Williams; and with evil motive and reckless indifference to the rights of Williams to be free from bodily injury and psychological injury.

39. As a direct and proximate result of one or more of the aforesaid acts and omissions of Behrens, Williams sustained serious and permanent injuries, causing pain, suffering, mental anguish and pecuniary loss both now and in the future.

40. As a direct and proximate result or one or more of the foregoing negligent acts and/or omissions of Behrens, Plaintiff's son, James Martin Williams, was severely and permanently injured, sustained great mental and physical pain and suffering, sustained damage to his nervous system and other systems of the body, was kept from attending to his ordinary affairs and duties and lost great gains which he would otherwise have made and became liable for great sums of money for hospital and medical care and treatment, lost wages and incomes, as well as incurring other damages.

41. The Defendants' actions amounted to an excessive use of force unto Williams and violated his Fourth Amendment right to be free from unreasonable seizure.

42. The above-referenced actions of the Defendant constitute and amount to excessive force in violation of 42 U.S.C. c 1983 and the United States Constitution.

43. The aforementioned actions of Defendant Behrens were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff, Angela Butler, as mother and next friend of James Martin Williams, a minor, prays that this Honorable Court enter judgment in her favor and against

Defendant, Kimberley Behrens, individually and as agent, servant or employee of Defendants, Field Stevenson School, individually and by and through its agents, servants or employees and the Board of Education of Forest Park School District 91, individually and by and through its agents, servants or employees, and each of them, in an amount in excess of $50,000.00, plus court costs and reasonable attorney's fees, and for such further or other relief in favor of Plaintiff and against Defendants as this Court may deem just and equitable.

### COUNT III
### Negligence
### Field Stevenson School

1-43. Plaintiff repeats and realleges Paragraphs 1 through 43 of Count II as and for Paragraphs 1 through 43 of this Count III as if fully set forth herein.

44. On or about March 21, 2012, and at all times relevant herein, Field Stevenson was entrusted with the care and safety of the elementary school children attending Field Stevenson, including Williams.

45. On or about March 21, 2012, and at all times relevant herein, Field Stevenson owed the duty of exercising due care and caution in selecting, hiring, and supervising its staff, including Behrens, the teacher who was in charge of the elementary classroom in which Williams was placed.

46. On or about March 21, 2012, and at all times relevant herein, it was the duty of Field Stevenson to provide security and/or teacher supervision at Field Stevenson during school hours so as to maintain proper conduct, and so as to avoid injury to students and other persons lawfully at the school, including, but not limited to, Williams.

47. On or about March 21, 2012, and at all times relevant herein, Williams was registered as a student at Field Stevenson, and was otherwise legally and properly on the premises at the time of the incident at issue in this lawsuit.

48. On or about March 21, 2012, and immediately prior thereto, Williams was lawfully in the classroom at Field Stevenson and under the control of Behrens.

49. On or about March 21, 2012, and at all times relevant herein, Williams was in the exercise of due care and caution for his own safety, and the safety of others.

50. On or about March 21, 2012, and at all times relevant herein, Behrens became angry and struck Williams, causing him to be injured, and subsequently instructed Williams to lie about the cause of his injury.

51. At no time on March 21, 2012, or at any time relevant herein, was it necessary for Behrens to strike Williams.

52. Despite the injury to Williams' face, and Williams' resulting medical needs, Williams was neither given nor offered medical treatment by Field Stevenson, nor was he allowed to telephone his mother to inform her of the situation.

53. Field Stevenson willfully and with utter disregard for the rights and safety of Williams, injured Williams. Said conduct was performed deliberately; with oppression; with such gross negligence so as to indicate a wanton disregard for the rights of Williams, and with evil motive and reckless indifference to the rights of Williams to be free from bodily injury and psychological injury.

54. Field Stevenson, by its agent, servant and employee, Behrens, used excessive force against Williams.

55. The failure of agents or employees of Field Stevenson to intervene in the use of said force caused an excessive amount of force to be inflicted onto the body of Williams, causing him to sustain various injuries.

56. On March 21, 2012, and at all times relevant herein, Field Stevenson had a duty to Plaintiff Williams to keep him safe, protected and free from mental and/or emotional harm while in the care of Behrens at Field Stevenson.

57. Despite such duty, Field Stevenson breached its duty to Williams, and was guilty of one or more or all of the following negligent acts and omissions:

  n. Carelessly and negligently failed to properly screen prospective teacher applicants;
  o. Carelessly and negligently failed to properly hire and train teachers;
  p. Carelessly and negligently failed to properly supervise the classrooms at Field Stevenson;
  q. Carelessly and negligently failed to keep a proper lookout to determine whether teachers were maintaining control of their classrooms;
  r. Carelessly and negligently failed to keep students safe from harm while in the classroom at Field Stevenson;
  s. Carelessly and negligently permitted and allowed Behrens to teach a classroom of children in a completely unsupervised manner, when it knew or should have known that she was volatile and did not maintain control of her students;
  t. Carelessly and negligently failed to observe the teachers within their classroom on a regular, ongoing basis, to determine whether there were any problems;
  u. Carelessly and negligently failed to notice that Williams was injured by Behrens, and failed to provide him with the emotional and physical support he required;
  v. Carelessly and negligently allowed Behrens to attempt to conceal her transgression, and in so doing allowed Williams to continue to suffer from her treatment without adequate adult support;
  w. Carelessly and negligently failed to offer Williams any medical treatment or care;
  x. Carelessly and negligently failed to allow Williams to contact his mother to advise her of his injury;
  y. Carelessly and negligently aided Behrens in concealing her transgression;
  z. Was otherwise careless and negligent.

58. As a direct and proximate result of one or more of the aforesaid acts and omissions of Field Stevenson, Williams sustained serious and permanent injuries, causing pain, suffering, mental anguish and pecuniary loss both now and in the future.

59. As a direct and proximate result or one or more of the foregoing negligent acts and/or omissions of Field Stevenson, Plaintiff's son, James Martin Williams, was severely and permanently injured, sustained great mental and physical pain and suffering, sustained damage to his nervous system and other systems of the body, was kept from attending to his ordinary affairs and duties and lost great gains which he would otherwise have made and became liable for great sums of money for hospital and medical care and treatment, lost wages and incomes, as well as incurring other damages.

WHEREFORE, Plaintiff, Angela Butler, as mother and next friend of James Martin Williams, a minor, prays that this Honorable Court enter judgment in her favor and against Defendant, Field Stevenson School, individually and by and through its agents, servants or employees, in an amount in excess of $50,000, and for whatever further and additional relief for Plaintiff this Court deems just and fair.

## COUNT IV
### Res Ipsa Loquitur

1-59. Plaintiff repeats and realleges Paragraphs 1 through 59 of Count III as and for Paragraphs 1 through 59 of this Count IV as if fully set forth herein.

60. That at all times material and relevant here, Defendants, and each of them, had exclusive and sole control, direction and management of Williams.

61. Williams exercised absolutely no direction, control or management over himself.

62. Each Defendant's direction, control or management over the custody and control of Williams was the sole, direct and proximate cause of the injuries to Williams, and did in fact injure Williams.

63. Said occurrence speaks for itself, *i.e.*, in the ordinary course of things, Williams' injuries would not have taken place had Defendants not negligently failed to use proper care in

the direction, control or management of Williams which was under their exclusive control, direction and management.

64. As a direct and proximate result of Defendants' negligence, Williams suffered severe and permanent injuries, both externally and internally to his person and lost the chance of recovery. Williams suffered great physical pain and mental anguish, and will continue to do suffer in the future. In endeavoring to alleviate and cure his injures, both physical and mental, Williams was caused to expand and become liable for, and in the future will expend and become liable for, large sums of money to treat his injuries.

WHEREFORE, Plaintiff, Angela Butler, as mother and next friend of James Martin Williams, a minor, prays that this Honorable Court enter judgment in her favor and against Defendants, Field Stevenson School, individually and by and through its agents, servants or employees, the Board Of Education of Forest Park School District 91, individually and by and through its agents, servants or employees at Field Stevenson School, and Kimberly J. Behrens, individually and as agent, servant or employee of Field Stevenson School, as agent of the Board of Education of Forest Park School District 91, and each of them, in an amount in excess of $50,000.00, plus court costs and reasonable attorney's fees, and for such further or other relief in favor of Plaintiff as this Court may deem just and equitable.

              **ANGELA BUTLER, as Mother and Next Friend of James Martin Williams, a minor**

              By: /s/ James A. Karamanis
                One of her Attorneys

James A. Karamanis (ARDC #6203479)
Barney & Karamanis, LLP
180 N. Stetson, Suite 3050
Two Prudential Plaza
Chicago, Illinois 60601
Tel.: 312/553-5300